# EXHIBIT A

Mark E. Ellis - 127159
Bryan G. Ceglio - 312682
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
bceglio@ellislawgrp.com

Attorneys for Defendant
RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| STEVEN R. OLIVER, | Case No.:  2:16-cv-02413-TLN-CKD |
| Plaintiff, | **DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)** |
| v. | |
| RASH CURTIS & ASSOCIATES, | |
| Defendant. | |

PROPOUNDING PARTY:    Plaintiff STEVEN R. OLIVER

RESPONDING PARTY:    Defendant RASH CURTIS & ASSOCIATES

SET NUMBER:    One

This responding party has not fully completed its investigation of the facts relating to this case, has not fully completed its discovery in this action, and has not completed its preparation for the trial. All the answers contained herein are based upon such information and documents which are presently available and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes in and variations from the contentions herein set forth.  The following

- 1 -

1  responses are given without prejudice to responding party's right to produce evidence of any

2  subsequently discovered fact or facts which this responding party may later recall.  Responding party

3  accordingly reserves the right to change any and all answers herein as additional facts are ascertained,

4  analyses are made, legal research is completed and contentions are made.

5      The answers contained herein are made in a good faith effort to supply as much factual

6  information and as much specification of legal contentions as is presently known but should in no way

7  be in prejudice of responding party in relation to further discovery, research and analysis.

8                                          **RESPONSES**

9  **INTERROGATORY NO. 1:**

10     Identify each individual Person, officer, employee, agent, independent contractor, or other

11  entity answering or providing any information used to answer any Interrogatory herein.

12  **RESPONSE TO INTERROGATORY NO. 1:**

13     This responding party objects to this interrogatory to the extent it seeks irrelevant information

14  not reasonably calculated to lead to the discovery of admissible evidence.  This responding party also

15  objects to this interrogatory to the extent it seeks information protected by a third-party's right of

16  privacy.  Without waiving the foregoing objections, this responding party responds as follows:  Robert

17  Keith, Vice President of Operations, 190 S. Orchard Avenue, Suite A-200, Vacaville, CA 95688, (707)

18  454-2042. Mr. Keith can be reached by and through this responding party's counsel of record, Mark E.

19  Ellis of the Ellis Law Group, LLP, 740 University Avenue, Suite 100, Sacramento, CA 95825, (916)

20  283-8820. Nick Keith, Revenue Recovery Specialist, 190 S. Orchard Avenue, Suite A-200, Vacaville,

21  CA 95688, 707-454-2046. Nick Keith can be reached by and through this responding party's counsel

22  of record, Mark E. Ellis of the Ellis Law Group, LLP, 740 University Avenue, Suite 100, Sacramento,

23  CA 95825, (916) 283-8820.

24  **INTERROGATORY NO. 2:**

25     Identify all Persons known to You to have personal knowledge of any facts or issues involved

26  in this Action.

27  / / /

28  / / /

- 2 -

1  **RESPONSE TO INTERROGATORY NO. 2:**

2      Robert Keith, Vice President of Operations, 190 S. Orchard Avenue, Suite A-200, Vacaville,

3  CA 95688, (707) 454-2042. Mr. Keith can be reached by and through this responding party's counsel

4  of record, Mark E. Ellis of the Ellis Law Group, LLP, 740 University Avenue, Suite 100, Sacramento,

5  CA 95825, (916) 283-8820. Nicole Johnson, 190 S. Orchard Avenue, Suite A-200, Vacaville, CA

6  95688, (707) 454-2010.

7      Steven Oliver. Karen Klien.

8  **INTERROGATORY NO. 3:**

9      Identify by name, manufacturer, make, model and serial number all automatic telephone dialing

10  systems ("ATDS") and/or Predictive Dialers that You currently use and have used since January 1,

11  2012, including the software that Your system(s) use/used.

12  **RESPONSE TO INTERROGATORY NO. 3:**

13      Rash Curtis makes its dialer calls through Global Connect which recently merged with TCN.

14  **INTERROGATORY NO. 4:**

15      Identify the date, time and length of each and every telephone call You, or anyone acting on

16  Your behalf or at Your direction, placed to Plaintiff's Number, including calls that were not answered,

17  cancelled and/or abandoned, being certain to Identify for each call the originating telephone number(s).

18  **RESPONSE TO INTERROGATORY NO. 4:**

19      This responding party is exercising its right to produce business records pursuant to Federal

20  Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and

21  Karen Klien's collections notes served concurrently within.

22  **INTERROGATORY NO. 5:**

23      For each call identified in Interrogatory No. 4, Describe the outcome of the call (i.e., left

24  message, conversation, cancelled, terminated, no answer, etc.).

25  **RESPONSE TO INTERROGATORY NO. 5:**

26      This responding party is exercising its right to produce business records pursuant to Federal

27  Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and

28  Karen Klien's collections notes served concurrently within.

- 3 -

**INTERROGATORY NO. 6:**

For each call identified in Interrogatory No. 4, Describe how each call was initiated, including but not limited to whether the call was manually dialed or whether the call was initiated by a computer system or dialer system. This Interrogatory seeks information related to every call, including calls that were not answered and/or terminated or abandoned prior to the call being answered.

**RESPONSE TO INTERROGATORY NO. 6:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Karen Klien's collections notes served concurrently within.

**INTERROGATORY NO. 7:**

Identify the date, time and length of each and every call placed to Plaintiff's Number that was made using an ATDS and/or Predictive Dialer. This Interrogatory seeks information related to each and every call, including calls that were not answered and/or terminated or abandoned prior to the call being answered, including any calls placed by anyone acting on Your behalf or at Your direction.

**RESPONSE TO INTERROGATORY NO. 7:**

This responding party is exercising its right to produce business records pursuant to Federal Rule of Civil Procedure 33(d). The requested information is located in Plaintiff's collection notes and Karen Klien's collections notes served concurrently within. The collection notes, in the left hand column, indicate the date and time of each call placed. When a call is initiated via Global Connect, the date of the call is preceded by the letters "GC".

**INTERROGATORY NO. 8:**

Identify the date, time and length of each and every call placed to Plaintiff's Number where Plaintiff would or might hear a prerecorded and/or artificial voice upon answering the call, or where a prerecorded and/or artificial voice would or might be left on Plaintiff's voicemail and/or answering machine. This Interrogatory seeks information related to each and every call, including calls that were not answered and/or terminated or abandoned prior to the call being answered, including any calls placed by anyone acting on Your behalf or at Your direction.

/ / /

- 4 -

1 **RESPONSE TO INTERROGATORY NO. 8:**

2       This responding party is exercising its right to produce business records pursuant to Federal

3 Rule of Civil Procedure 33(d). Plaintiff might hear a prerecorded and/or artificial voice upon

4 answering the call, or prerecorded and/or artificial voice might have been left on Plaintiff's voicemail

5 and/or answering machine where the collection notes indicate "PHONE ANSWERD NO

6 LINKBACK" or "LMOM". The requested information is located in Plaintiff's collection notes and

7 Karen Klien's collections notes served concurrently within.

8 **INTERROGATORY NO. 9:**

9       State the date, time, and length of each call placed by You to Plaintiff wherein the call resulted

10 in a conversation with Plaintiff. This Interrogatory seeks information related to each and every call

11 placed to Plaintiff by You, including calls placed by anyone acting on Your behalf or at Your

12 direction.

13 **RESPONSE TO INTERROGATORY NO. 9:**

14       Objection, overbroad as there is no temporal limitation. The Telephone Consumer Protection

15 Act has a statute of limitations of four years. The relevant time period is from October 10, 2012 to

16 October 10, 2016. Subject to and without waiving said objection, defendant responds: defendant

17 responds that not a single call placed to Plaintiff's telephone number between 2010 and 2016 resulted

18 in a conversation with Plaintiff.

19 **INTERROGATORY NO. 10:**

20       State the date, time, and length of each call placed by Plaintiff to You wherein the call resulted

21 in a conversation with Plaintiff.

22 **RESPONSE TO INTERROGATORY NO. 10:**

23       Objection, overbroad as there is no temporal limitation. The Telephone Consumer Protection

24 Act has a statute of limitations of four years. The relevant time period is from October 10, 2012 to

25 October 10, 2016. Objection, asked and answered. Subject to and without waiving said objections,

26 defendant responds that not a single call placed to Plaintiff's telephone number between 2010 and

27 2016 resulted in a conversation with Plaintiff.

28 / / /

1  **INTERROGATORY NO. 11:**

2      For each call identified in Your answers to Interrogatory No. 9 and Interrogatory No. 10,

3  Describe in detail the substance of the conversation with Plaintiff and any other participants thereto.

4  **RESPONSE TO INTERROGATORY NO. 11:**

5      Defendant did not converse with Plaintiff.

6  **INTERROGATORY NO. 12:**

7      If You recorded any conversations with Plaintiff, Identify the date of each conversation.

8  **RESPONSE TO INTERROGATORY NO. 12:**

9      Objection, overbroad as there is no temporal limitation. The Telephone Consumer Protection

10  Act has a statute of limitations of four years. The relevant time period is from October 10, 2012 to

11  October 10, 2016. Defendant does not have any recorded conversations with Plaintiff.

12  **INTERROGATORY NO. 13:**

13      Identify the name, address, and contact information of any Person, individual, entity or

14  organization hired, employed or retained by You to make outgoing calls to Plaintiff and/or to Plaintiff's

15  Number.

16  **RESPONSE TO INTERROGATORY NO. 13:**

17      This responding party objects to this Interrogatory on the ground that it is ambiguous as it is not

18  clear what is meant by "employed or retained by your to make outgoing calls to Plaintiff." This

19  responding party has interpreted that phrase to mean specifically hired to place calls to Oliver and

20  responds that defendant does not hire specific individuals, entities, or organizations to make calls to

21  any specific debtor.

22  **INTERROGATORY NO. 14:**

23      Identify and Describe in detail each Document in Your possession which contains Plaintiff's

24  Number, including but not limited to Documents received from Plaintiff and/or obtained as a result of

25  searching for Plaintiff's contact information.

26  **RESPONSE TO INTERROGATORY NO. 14:**

27      Objection to the extent that this interrogatory requests information protected by a third-party's

28  privacy rights. Subject to and without waiving this objection, defendant responds:

- 6 -

1. Oliver's Outpatient Registration form, Marshall Medical Emergency, Admit date: March 3, 2013. Defendant obtained the form on or about August 28, 2014 when Marshall Medical Emergency Center referred Oliver's delinquent account to defendant.

2. Karen Klien's Outpatient Registration form, Marshall Medical Emergency, Admit date: August 12, 2015.

3. Oliver's collection notes dated May 5, 2016. The collection notes were generated in the regular course of defendant's business.

4. Letter from Lemberg Law dated April 25, 2016. Opposing counsel sent the letter to defendant.

**INTERROGATORY NO. 15:**

If You contend that You did not have or did not maintain business records of every call that was made to or received by Plaintiff, then Identify the name and contact information of each Person or entity that maintained records of the calls.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant does not contend that it did not maintain records for every call made to or received by Plaintiff.

**INTERROGATORY NO. 16:**

Describe in detail how and when You first obtained Plaintiff's Number, including the date it was obtained and the source from which the number was obtained.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant obtained Oliver's telephone number from Marshall Medical Emergency Center on Oliver's Outpatient Registration form, admit date March 13, 2013. Defendant obtained the form on or about August 28, 2014 when Marshall Medical Emergency Center referred Oliver's delinquent account to defendant.

**INTERROGATORY NO. 17:**

If You contend that Plaintiff provided You (including anyone acting on Your behalf or at Your direction) with express consent allowing You (including anyone acting on Your behalf or at Your direction) to place ATDS and/or Predictive Dialer calls to Plaintiff's Number, or calls using a

- 7 -

1  prerecorded and/or artificial voice, Describe the circumstances surrounding any such consent,

2  including the date You contend You received such consent. If the consent was in writing, Identify the

3  Document(s) which provided You with the consent.

4  **RESPONSE TO INTERROGATORY NO. 17:**

5    Objection, this interrogatory contains subparts, or a compound, conjunctive, or disjunctive

6  question. Subject to and without waiving said objection, defendant responds it obtained Plaintiff's

7  number from the referring creditor, Marshall Medical Emergency Center. Oliver's number was

8  included on the hospital's Outpatient Registration form. Oliver provided his number to Marshall

9  Medical Emergency Center on or about March 13, 2013 when he received medical treatment.

10 **INTERROGATORY NO. 18:**

11   For each call identified in Interrogatory No. 7 and Interrogatory No. 8, Describe Your usual

12 practices in determining whether Plaintiff had consented to being called prior to, or at the time, You

13 (including anyone acting on Your behalf or at Your direction) placed the call.

14 **RESPONSE TO INTERROGATORY NO. 18:**

15   For each account that defendant is referred, it requests supporting documents from the creditor.

16 Defendant reviews the documents sent from the creditor to see if consent was given to the creditor to

17 make autodialed calls. If the debtor provided the creditor with their number during the transaction

18 which created the debt, then defendant has proper consent needed to call the debtor at the listed

19 number. *Van Patten v. Vertical Fitness Grp., LLC*, 22 F. Supp. 3d 1069, 1078 (S.D. Cal. 2014).

20 Additionally, defendant on occasion receives consent directly from the client.

21 **INTERROGATORY NO. 19:**

22   State whether You use or used any software, or any other system or calling method, that

23 affects, suppresses, blocks, modifies, or otherwise alters or conceals the telephone number from where

24 the call is originated, and if so, Identify the software or system used.

25 **RESPONSE TO INTERROGATORY NO. 19:**

26   Defendant does not utilize software, or any other system to block its telephone number when

27 making calls to debtors. If the debtor has caller-id, then defendant's number will be identifiable.

28 / / /

- 8 -

**INTERROGATORY NO. 20:**

Describe the system You maintain or operate to record and Document Your contacts with Plaintiff, or Persons You call in the normal operation of Your business, and Your policies for operating such a system.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection vague and ambiguous as to "your policies for operating such a system." Objection, as phrased this request is overbroad so as to be unduly burdensome and harassing in that it asks defendant to describe all of its policies related to its collection software but does not identify which policies or which type of policies plaintiff is referring to.   Subject to and without waiving said objection, defendant responds:  defendant maintains collection software that includes a history or note field in which all contacts with consumers are noted and updated.  These notes are either made automatically by the system or entered by the employee at the time of the action and cannot be modified thereafter. It is defendant's policy for all communications and attempted communications to be noted in the collection history.  Further, defendant records some telephone calls with consumers.

**INTERROGATORY NO. 21:**

Identify all letters, notices or other written correspondence between You and Plaintiff.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection, relevance. Plaintiff does not make any claims about written correspondence from defendant to Plaintiff. Defendant sent Plaintiff an initial contact letter.

**INTERROGATORY NO. 22:**

State the name, alias, job title, business and home address, telephone number, date of initial employment and date of and reason for termination of employment for each of Your employees that engaged in collection activities related to Debtor's Account.

**RESPONSE TO INTERROGATORY NO. 22:**

Objection, the request for home address and telephone number of defendant's employees is improper, not relevant, and designed to intimidate, harass or abuse defendant and its employees. Further, this information is confidential, personal information of non-parties.  Subject to and without

/ / /

- 9 -

1    waiving said objections, defendant responds: Nicole Johnson, 190 S. Orchard Avenue, Suite A-200,

2    Vacaville, CA 95688, (707) 454-2010.

3    **INTERROGATORY NO. 23:**

4        List and explain all abbreviations, codes, letters or symbols used by You when documenting

5    calls and/or collection activities directed at Plaintiff, Debtor or Persons You call in the normal

6    operation of Your business.

7    **RESPONSE TO INTERROGATORY NO. 23:**

8        Objection, overbroad so as to be unduly burdensome and harassing as not all abbreviations are

9    standardized and would require the review of thousands of accounts. Objection, relevance. The

10   question does not relate to the case at hand. Subject to and without waiving said objection, defendant

11   responds: the following are abbreviations used in Oliver's collection notes:

12       Wll means will

13       PIF means Pay in full

14       MSG means message

15       HUP means hung up

16       NUM means number

17       OB means outbound

18       TT means talked to

19   **INTERROGATORY NO. 24:**

20       State the name and address of Your liability insurer(s) for the last three (3) years and the dates

21   of coverage, type and policy number of each liability insurance policy.

22   **RESPONSE TO INTERROGATORY NO. 24:**

23       Objection, relevance. Defendant has not tendered this claim to it insurance provider; thus,

24   insurance is not relevant to this claim.

25   **INTERROGATORY NO. 25:**

26       Identify each Person involved in providing training to new and/or present employees involved

27   in the collection of consumer accounts relating to compliance with the TCPA and/or the Fair Debt

28   / / /

DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1  Collection Practices Act, and Describe the content, timing, duration, and the Documents and audio or

2  visual materials used in that training.

3  **RESPONSE TO INTERROGATORY NO. 25:**

4        This responding party is exercising its right to produce business records pursuant to Federal

5  Rule of Civil Procedure 33(d). Defendant's relevant training materials are served concurrently within.

6  Defendant's trainer is Tomeka Mitchell.

7

8  Dated: July 24, 2017

9                                                    ELLIS LAW GROUP LLP

10                                          By _____

11                                                    Bryan G. Ceglio
                                                    Attorneys for Defendant
12                                                    RASH CURTIS & ASSOCIATES

13

14                                          **VERIFICATION TO FOLLOW**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

## CERTIFICATE OF SERVICE

I, Cheri Bowden, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On July 24, 2017, I served the following document(s) on the parties in the within action:

**DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S
INTERROGATORIES (SET ONE)**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Trinette G. Kent<br>Lemberg Law, LLC<br>3219 E. Camelback Road, Suite 588<br>Phoenix, AZ 85018 | Attorneys for Plaintiff<br>Steven R. Oliver |
| Lemberg Law, LLC<br>43 Danbury Road<br>Wilton, CT 06897 | Attorneys for Plaintiff<br>Steven R. Oliver |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on July 24, 2017.

By _____
Cheri Bowden

DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)