Mark E. Ellis – 127159
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com


Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| STEVEN R. OLIVER,<br><br>            Plaintiff,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>            Defendant. | Case No.:  2:16-cv-02413-TLN-CKD<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT [FRCP 56(c)]**<br><br>**DATE:          May 31, 2018**<br>**TIME:          2:00 p.m.**<br>**DEPT:          2, 15th Floor**<br>**HONORABLE TROY L. NUNLEY** |

Defendant RASH CURTIS & ASSOCIATES hereby submits this Reply to Plaintiff's Responses to Separate Statement of Material Facts in Support of Defendant's Motion for Summary Judgment or Partial Summary Judgment:

| DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S REPLY TO OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE |
| --- | --- |
| **Fact 1.** Plaintiff Steven Oliver filed his Complaint entitled Steven R. Oliver v. Rash Curtis &Associates on October 10, 2016, alleging both negligent and knowing/willful violations of the TCPA, violations of the FDCPA, and violations of the Rosenthal Act. | 1.  Undisputed |

- 1 -

| | |
|---|---|
| **Evidence**<br>Exhibit 1, Plaintiffs Complaint, ¶¶ 22-23, 29-34, 31-32, 37-38<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | |
| **Fact 2.** Plaintiff Steven Oliver's Complaint does not allege with specificity which section of the FDCPA Rash Curtis allegedly violated.<br><br>**Evidence**<br>Exhibit 1, Plaintiff's Complaint, *passim* and Count II, ¶¶ 29-34.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Disputed.<br><br>Count II of Plaintiff's Complaint alleges violations of the FDCPA. "Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*" Paragraph 31 contains separate factual and legal contentions: "Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code. § 1788.11(d)." The allegations that "Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff" is a factual contention which, where true, violates 15 U.S.C. § 1692d(5).<br><br>That it also violates Cal. Civ. Code. § 1788.11(d) as set forth in paragraph 31, does not alter the fact that Defendant was provided fair notice of what was being claimed was in violation of the FDCPA.   Moreover, "[c]laims under Section 1788.11(d) of the Rosenthal Act require the same proof of intent and are evaluated for specificity in the same way as claims under subsection 1692d(5) of the FDCPA." *Crockett v. Rash Curtis & Assocs.*, 929 F. Supp. 2d 1030, 1033 (N.D. Cal. 2013). | 2. Disputed, to the extent that Plaintiff's Complaint does not state "1692d" or "1692d(5)" anywhere.<br><br>Disputed, to the extent that elements of a violation of 1692d or 1692d(5), *and the defenses thereto*, are not identical to a Cal. Civ. Code § 1788.11(d) action. Rosenthal actions under §1788.11(d) only apply to "consumer debt" and "consumer credit" due or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction," which is defined as "a transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §§ 1788.2(e) and (f).  Furthermore, a plaintiff may only recover actual damages, and not statutory damages, for a negligent violation of §1788.11(d), unlike 1692d or 1692d(5). Cal. Civ. Code § 1788.30(a).<br><br>Undisputed to the extent that Paragraph 31 contains separate factual and legal contentions: "Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code. § 1788.11(d)."<br><br>**Evidence**<br>Exhibit 1, Complaint, at ¶¶ 28-34, and *passim*. |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| **Evidence**<br>Complaint ¶¶ 28-34. | |
| **Fact 3.** Defendant Rash Curtis filed its answer to Mr. Oliver's complaint on November 29, 2016, in which it asserted several affirmative defenses, including the first affirmative defense that Mr. Oliver's complaint fails to state facts sufficient to constitute a cause of action, the second affirmative defense that Rash Curtis acted reasonably and in good faith, the third affirmative defense that Rash Curtis has no liability under the TCPA because Rash Curtis had the "prior express consent" of Mr. Oliver, and the fourth affirmative defense that Rash Curtis did not use an "AIDS" as defined by the TCPA.<br><br>**Evidence**<br>Exhibit 2, Defendant's Answer, pp. 4-5.<br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | 3. Undisputed. |
| **Fact 4.** The calls placed to 0888 in connection with Karen Klein's debts were placed with a dialer called "Global Connect," which has no ability to generate random or sequential numbers, and only loads numbers off a specific list of debtors. Here, Rash Curtis created a call list in Global Connected, which is how Global Connect was able to dial the 0888 number. The 0888 number was not generated randomly or sequentially, as Global Connect does not have the ability to generate random or sequential numbers, but only those provided by the user in a list, which is what happened here.<br><br>**Evidence**<br>**Declaration of Robert Keith ¶ 20.**<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Plaintiff objects to the extent that paragraph 20 of Robert Keith's declaration – the only | 4. Disputed.<br><br>Plaintiff's objection that Robert Keith's declaration fails to state a factual basis is inaccurate; the factual basis is that Global Connect "only has the ability to dial numbers from a list which Rash Curtis loads into the dialer."<br><br>Robert Keith's declaration that "Global Connect has no ability to create random or sequential phone numbers and dial them; it only has the ability to dial numbers from a list which Rash Curtis loads into the dialer" is a statement of fact based on Mr. Keith's personal knowledge, and is not a "conclusory" judgment, but a specific fact to which he has personal knowledge based on his intimate and comprehensive familiarity of Rash Curtis' operations. |

| | |
|---|---|
| evidence cited – fails to support the factual basis for his conclusory statement that "Global Connect has no ability to create random or sequential numbers."<br><br>Subject to the objections, undisputed that Rash Curtis called the 0888 Number in connection with Karen Klein's debts via the Global Connect dialer, which dialed numbers from a list which Rash Curtis loads into the dialer.<br><br>**Evidence**<br><br>Keith Decl. ¶ 20. | Plaintiff cites to no admissible evidence to refute Mr. Keith's declaration.<br><br>Disputed to the extent that Plaintiff implies the Court must undergo any inquiry into Global Connect's "potential capacity" to perform "ATDS" functions upon hypothetical software or hardware modifications which are not at issue and are wholly irrelevant to the facts of this case.<br><br>"The D.C. Circuit Court of Appeals' decision in *ACA Int'l v. FCC* forecloses Plaintiff's argument that the FCC's expansive interpretation of the term 'capacity' in its 2015 Order is binding on this Court. The Court thus declines to undergo an analysis of whether the [dialing system] had the *potential* capacity to operate as an autodialer in 2015." *Herrick v. GoDaddy.com LLC*, 2018 WL 2229131 at \*5 (D. Ariz. 2018) (footnote omitted).<br><br>**Evidence**<br>Declaration of Robert Keith, ¶¶ 1, 2, 20. ("[1] I am Executive Vice President of [Rash Curtis]. This declaration is based upon my own personal knowledge. If called upon to testify thereto, I am competent to do so. [2] I have been employed at Rash Curtis for more than 10 years in several capacities, and I am very familiar with Rash Curtis' collection policies and procedures. …[20]…Here, Rash Curtis created a call list in Global Connect, which is how Global Connect was given the 0888 number.") |
| **Fact 5.** The calls placed by Rash Curtis to the 0888 number from March 15, 2016 until April 29, 2016 were related to a debt owed by Karen Klein, grandmother of Plaintiff Steven Oliver, which Ms. Klein incurred at Marshall Medical on August 12, 2015. Rash Curtis concurrently placed calls to a different number, which Karen | 5. Undisputed |

- 4 -

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

Klein had also provided to Marshall Medical on her August 12, 2015 registration form, but did not establish contact with Ms. Klein or Mr. Oliver as a result of calling either phone number.

**Evidence**
Declaration of Robert Keith ¶¶ 12-13; Exhibit 1, Plaintiffs Complaint, ¶¶ 9-10, 14; Exhibit 6, Rash Curtis' Debtor Account History for Karen Klein for account number 2615238, RCA 00011-00013.

**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**

Undisputed.

---

**Fact 6.** Plaintiff Steven Oliver had no actual conversations with anyone from Rash Curtis. Plaintiff Steven Oliver did not tell Rash Curtis to stop calling him during any of the calls placed to the 0888 number, nor did he do anything else to notify Rash Curtis not to call the 0888 number. If Rash Curtis had been notified that Ms. Klein was not reachable at the 0888 number, or that Mr. Oliver did not want to be called at the 0888 number, that request would have been contemporaneously recorded in Rash Curtis' collection notes, and Rash Curtis would have stopped calling the 0888. However, no such notification or request was made.

**Evidence**
Declaration of Robert Keith ¶¶ 5, 12-13, 15, 19; Exhibit 1, Plaintiff's Complaint, ¶ 17; Exhibit 6, Rash Curtis' Debtor Account History for Karen Klein for account number 2615238, RCA 00011-00013.

**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**

Undisputed that Plaintiff never spoke with anyone from Rash Curtis.

6. Disputed.

Plaintiff's dispute that Rash Curtis' Business Records would not have supported a revocation if it were made is irrelevant and is not supported by the law cited. Plaintiff has taken the language from the *McMillion* decision out of context and gravely misrepresent its meaning.

The law states:

"Plaintiffs proffer Rash Curtis' audio call files which reflect that Adekoya revoked consent **on April 18, 2016**. During that call, Adekoya stated that 'I believe you sent something to my mom already I told you guys to stop calling me, but you guys keep calling me…' …Defendant's representative replied that she didn't 'see where we've got down not to call you.'…The Court has reviewed the audio file of the **April 18, 2016**, call and finds that Adekoya "clearly express[ed]…her desire not to receive further calls [*in that April 18, 2016 call and not in a previous call*].'…Accordingly, the Court GRANTS IN PART plaintiff's motion for partial summary judgment as to whether defendant had prior express consent to call Adekoya

- 5 -

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Disputed that Rash Curtis would have contemporaneously recorded a do-not-call request in Rash Curtis' collection notes, and Rash Curtis would have stopped calling the 0888. In another lawsuit against Rash Curtis, one of the named plaintiffs advised Rash Curtis that she "asked [Rash Curtis] nicely to stop calling," Rash Curtis's "representative replied that she didn't 'see where we've got down not to call you'" and the plaintiff "responded that she had 'been saying that for a long time'." *McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396-YGR, 2018 WL 692105, at \*7 (N.D. Cal. Feb. 2, 2018). | with regard to calls received **after April 18, 2016**. **By contrast, in light of defendant's unrebutted showing that Rash Curtis had express consent to call Adekoya prior to the call quoted above, the <u>Court GRANTS IN PART defendant's motion for summary judgment as to calls received on or prior to April 18, 2016.</u>"** *McMillion v. Rash Curtis & Associates,* 2018 WL 692105 at \*7 (emphasis added).<br><br>Plaintiff misrepresents the holding in *McMillion, supra,* to create the appearance that Rash Curtis did not have that plaintiff's "prior express consent" for calls placed prior to April 18, 2016, when the opposite is true. The *McMillion* court found that, despite the meritless claims made by plaintiff that she had previously revoked consent prior to the April 18, 2016 call, that Rash Curtis <u>had the prior express consent</u> to call that plaintiff prior to the call quoted above. Plaintiff's dispute is a scandalous attempt to smear Rash Curtis, and in doing so, Plaintiff has attempted to mislead the Court as to the ruling in *McMillion*.<br><br>Plaintiff offers no admissible evidence to refute the accuracy of Mr. Keith's declaration that "[i]f Rash Curtis had been notified that Ms. Klein was not reachable at the 0888 number, or that Mr. Oliver did not want to be called at the 0888 number, that request would have been contemporaneously recorded in Rash Curtis' collection notes, and Rash Curtis would have stopped calling the 0888. However, no such notification or request was made."<br><br>**Evidence**<br>Declaration of Robert Keith, ¶¶ 1-3, 5, 12-13, 15, 19; Exhibit 1, Plaintiff's Complaint, at ¶ 17; Exhibit 6, Rash Curtis' Debtor Account History for Karen Klein for |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | account number 2615238, RCA 00011-00013. |
| **Fact 7.** Plaintiff Steven Oliver's phone number ending in 0888 was provided to Rash Curtis' client-creditor and medical service provider, Marshall Medical, on at least two separate occasions. It was first provided in connection with the medical treatment of Plaintiff Steven Oliver on March 13, 2013, where Steven Oliver provided it as his own number. It was again provided in connection with the medical treatment of Karen Klein on August 12, 2015, as the number of Ms. Klein's nearest relative, Steven Oliver. The August 12, 2015 medical treatment was the transaction which resulted in the debt owed to Marshall Medical, which Rash Curtis was attempting to collect.<br><br>**Evidence**<br>Declaration of Robert Keith ¶¶ 7-8, 10-11; Exhibit 3, Steven Oliver's Marshall Medical Emergency/Outpatient Registration Form, RCA 00014; Exhibit 4, Karen K1ein's Marshall Medical Emergency/outpatient Registration Form, RCA 00015; Exhibit 5, Rash Curtis Account No. 2615238 Referral from Marshall Medical of Karen Klein's August 12, 2015 Treatment.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | 7. Undisputed |
| **Fact 8.** Rash Curtis did not call the 0888 with the intent to annoy, harass, oppress, abuse, or in any other way harm Plaintiff Steven Oliver or Karen Klein.  It is the invariable policy of Rash Curtis to not place calls with the intent to annoy, harass, or cause any injury to debtors or their family members under any circumstance. That policy was followed here, where Rash Curtis did not call 0888 with any such intent at any time. Rash Curtis' calls to 0888 were with the intent to establish contact with Karen | 8. Disputed.<br><br>Questions of intent are always questions of fact. *Takahashi v. U.S.,* 143 F.2d 118, 122 (9th Cir. 1944).  Rash Curtis' has proffered admissible evidence that it had no intent to harass, this is not a legal conclusion or argument, but a fact.<br><br>Plaintiff only offers Rash Curtis' call history and Mr. Keith's declaration that |

_____

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Klein, and not intended to annoy or harass Mr. Oliver. | Rash Curtis called two different phone numbers 35 times each over more than six weeks in its attempts to contact Karen Klein; this does not refute Mr. Keith's declaration that Rash Curtis had no intent to harass Plaintiff, but evinces an attempt to establish contact with Ms. Klein. *See Tucker v. CBE Group, Inc.,* 710 F.Supp.2d 1301, 1305 (M.D. Fla. 2010) ("[d]efendant [debt collector] never even spoke to [p]laintiff; [d]efendant was not notified that it could not reach [his daughter, the debtor] at the relevant telephone number and [p]laintiff did not request that [defendant] cease calling … The evidence demonstrates that [defendant] placed each of its telephone calls with an intent to reach [the debtor] rather than intent to harass.") |
| **Evidence** Declaration of Robert Keith ¶ 6. | |
| **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** | |
| Plaintiff objects to this as it is not a factual statement; Rash Curtis's position that it did not intend to annoy, harass, oppress abuse or otherwise harm Plaintiff is a legal argument, not a fact. | |
| Subject to the objection, disputed. Rash Curtis's intent to annoy and harass Plaintiff can be inferred from the fact that it knowingly called the 0888 Number thirty-five (35) times over six (6) weeks despite knowing that number was associated with Plaintiff, not the debtor it sought to collect a debt from. | |
| | "Absent egregious conduct…merely calling a debtor repeatedly, even multiple times in a single day, does not violate the FDCPA [e.g. no intent to harass or conduct the natural consequence of which is to harass]." *Hinderstein v. Advanced Call. Str. Techs.,* 2017 WL 751420 at *3 (C.D. Cal. 2017). |
| **Evidence** Keith Decl. ¶ 13; Collection Notes. | |
| | **Evidence** Declaration of Robert Keith, ¶¶ 1-3, 6, 13; Supplemental Declaration of Robert Keith, ¶¶ 1-3, 8. |
| **Fact 9.** Rash Curtis placed a total 35 calls to the 0888 number between March 15, 2016 and April 29, 2016, less than one call per day. Of those 35 calls, one did not go through because the line was busy. Rash Curtis left only one message on at the 0888 number, which was a "live" message by a collector, and not prerecorded. On only two occasions did Rash Curtis call twice in the same day: on March 18, 2016, and on March 29, 2016. The second call placed on March 18, 2016 is the one occasion where Rash Curtis left a message, which was a "live" message by a collector and not | 9. Disputed. "When the [party moving for summary judgment] has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 106 S.Ct. 1348, 1356 (1986). Disputed, to the extent that Plaintiff implies TCPA liability exists for any call |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

prerecorded. The second call placed on March 29, 2016 is the one occasion where Rash Curtis' call did not go through because the line was busy. With the exception of those two occasions, Rash Curtis did not place more than one call per day to the 0888 number during the relevant time period, and all calls were placed between 8:00 a.m. and 9:00 p.m.

**Evidence**
Declaration of Robert Keith ¶¶ 12-14; Exhibit 6, Rash Curtis' Debtor Account History for Karen Klein for account number 2615238, 03/18/16 entry, 03/29/16 entry, RCA 00011-00013.

**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**

Undisputed that Rash Curtis placed a total of 35 calls to the 0888 number between March 15, 2016 and April 29, 2016.

Disputed that Rash Curtis left only one message at the 0888 number. Aside from the calls Defendant references, the Collection Notes contain twelve (12) other instances in which the Global Connect dialer called the 0888 Number and indicated "PHONE ANSWERD NO LINKBACK." Rash Curtis admits that "Plaintiff might hear a prerecorded and/or artificial voice upon answering the call, or [a] prerecorded and/or artificial voice might have been left on Plaintiff's voicemail and/or answering machine where the collection notes indicate 'PHONE ANSWER NO LINKBACK' or 'LMOM'."

**Evidence**
Collection Notes; Kent Decl.; Kent Decl., Exhibit A (Def. Response to Interrogatory No. 8).

which he cannot prove an artificial or prerecorded voice message actually played.

"[M]aking a call in which a prerecorded voice might, but does not, play is not a violation of the TCPA." *Ybarra v. Dish Network, L.L.C.,* 807 F.3d 635, 641 (5th Cir. 2015).

The call records show that Rash Curtis only left one voicemail message on Plaintiff's phone. Plaintiff has not presented any admissible evidence, testimonial or otherwise, which establishes that any more than one "live" voicemail message was left by Rash Curtis on the 0888 phone number.

**Evidence**
Declaration of Robert Keith ¶¶ 1-3, 12-14; Exhibit 6, Rash Curtis' Debtor Account History for Karen Klein for account number 2615238, 03/18/16 entry, 03/29/16 entry, RCA 00011-00013.

| | |
|---|---|
| **Fact 10.** On May 5, 2005, a woman who identified herself as Mr. Oliver's grandmother answered a call placed to Mr. Oliver by Rash Curtis and held herself out as his guardian. At | 10. Disputed.<br><br>A record of an act, event, condition, opinion, or diagnosis is not inadmissible if |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

the time, Steven Oliver was 20 years old. The woman who answered the call placed to Mr. Oliver by Rash Curtis on May 5, 2005, and claimed to be Mr. Oliver's grandmother and guardian, was Karen Klein.

**Evidence**
Declaration of Robert Keith ¶¶ 16, 18; Exhibit 7, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Steven Oliver, 05/05/05 entry, RCA 00001.

**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**

Plaintiff objects as the evidence cited does not support the statement. Specifically, Robert Keith does not claim to have any first-hand knowledge of the conversation described, which purportedly took place thirteen (13) years ago, and merely bases his declaration on Rash Curtis's collection notes. Those collection notes, in turn, include a May 5, 2005 entry stating, in full, "TALKED TO X'S GRANDMOTHER & GUARDIAN – WILL PIF NXT WEEK."

**Evidence**
Keith Declaration ¶¶ 16, 18; Def. Exhibit 7.

---

the record was made at or near the time by, or from information transmitted by, someone with knowledge; the record was kept in the course of a regularly conducted activity of a business; making the record was a regular practice of that activity; and all of these conditions are shown by the testimony of a qualified witness. Fed. R. Evid. § 803(6).

Neither the original entrant of a regular business record entry nor the individual possessing personal knowledge of the event itself need be produced nor identified. *U.S. v. Franks,* 939 F.2d 600, 602 (8th Cir. 1991). Rule 803(6) does not require that the witness testifying to the documents have personal knowledge of their preparation. *Id.*

A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept. *NLRB v. First Termite Control Co., Inc.,* 646 F.2d 424, 427 (9th Cir. 1981).

Mr. Keith is qualified to express the meaning of Rash Curtis' business records which were made in the regular course of business.

**Evidence**
Declaration of Robert Keith, ¶¶ 1-3, 16, 18; Exhibit 7, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Steven Oliver, 05/05/05 entry, RCA 00001.

---

**Fact 11.** Nothing on Marshall Medical's registration form restricts the use of contact information provided to Marshall Medical from being used for billing purposes by Marshall Medical or its agent.

**Evidence**
Exhibit 4, Karen Klein's Marshall Medical Emergency /Outpatient Registration Form,

---

11. Disputed.

"[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, **absent instructions to the contrary**." *Van Patten v. Vertical Fitness Group, LLC,* 847 F.3d 1037, 1044 (9th Cir. 2017) (quoting *In re*

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| RCA 00015. | *Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 F.C.C. Rcd. 8752, 8769 (Oct. 16, 1992) (emphasis added). |
| **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** | |
| Undisputed that nothing on the Marshall Medical registration form explicitly "restricts the use of contact information provided to Marshall Medical from being used for billing purposes by Marshall Medical or its agent." | Plaintiff's dispute is irrelevant. Plaintiff's phone number was knowingly released to Rash Curtis' client. Absent instructions to the contrary, "prior express consent" exists. *Id.* No additional permissive language on a medical intake form is required. *Id.* |
| However, nothing on the form *permits* third parties such as Rash Curtis to contact the patient's listed "nearest relative" and/or the person to "notify in case of an emergency," for debt collection purposes. | **Evidence** Exhibit 4, Karen Klein's Marshall Medical Emergency/Outpatient Registration Form, RCA 00015. |
| **Evidence** Def. Exhibit 4. | |
| **Fact 12.** Ms. Klein's medical bill from her August 12, 2015 visit to Marshall Medical was never paid, and was referred to Rash Curtis for collection on March 14, 2016. It was still owed at the time this action was commenced. | 12. Undisputed. |
| **Evidence** Keith Decl. ¶¶ 10-11; Exhibit 5, Rash Curtis Account No. 2615238 Referral from Marshall Medical of Karen Klein's August 12, 2015 Treatment | |
| **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** | |
| Undisputed. | |
| **Fact 13.** Rash Curtis has been referred multiple accounts by Marshall Medical in relation to unpaid accounts of Ms. Klein's in the past, many of which were still due at the time this action was commenced, including the bill from her August 12, 2015 treatment. | 13. Undisputed |
| **Evidence** Keith Decl. ¶ 10; Exhibit 5, Rash Curtis | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Account No. 2615238 Referral from Marshall Medical of Karen Klein's August 12, 2015 Treatment. | |
| **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** | |
| Undisputed. | |
| **Fact 14.** Marshall Medical has also referred multiple accounts owed by Mr. Oliver to Rash Curtis for collection, which were also still due at the time this action was commenced. | 14. Undisputed |
| **Evidence** Keith Decl. ¶¶ 16-17; Exhibit 7, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Steven Oliver, RCA00002-0004. | |
| **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** | |
| Disputed to the extent it suggests the purpose of any of Rash Curtis's calls to Plaintiff were an attempt to collect a debt from Plaintiff, as opposed to a debt owed by a third-party. As Robert Keith declared, all thirty-five calls were "in connection to Karen Klein." | |
| Otherwise undisputed. | |
| **Evidence** Keith Declaration ¶ 13. | |
| **Fact 15.** On March 13, 2013, Mr. Oliver was admitted to Marshall Medical for treatment, where his registration form provided the name and contact information of his grandmother and nearest relative, Karen Klein, as well as the 0888 number. | 15. Undisputed |
| **Evidence** Keith Decl. 16-17; Exhibit 3 Steven Oliver's Marshall Medical Emergency/Outpatient Registration Form, RCA 00014; Exhibit 7, Rash Curtis' Collection | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Notes/Business Record as to its collection efforts for Steven Oliver, RCA 00004. **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** Undisputed. | |
| **Fact 16.** Ms. Klein and Mr. Oliver had both each provided one another's names and phone numbers to Marshall Medical as each other's mutual nearest relative and contact, which then transmitted that information to Rash Curtis. **Evidence** Keith Decl. ¶¶ 7-8; Exhibit 3, Steven Oliver's Marshall Medical Emergency/Outpatient Registration Form, RCA 00014; Exhibit 4, Karen Klein's Marshall Medical Emergency/Outpatient Registration Form, RCA 00015. **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** Undisputed. | 16. Undisputed |
| **Fact 17.** Mr. Oliver has had multiple accounts referred to Rash Curtis for collection spanning many years. In addition to the three accounts or Mr. Oliver which are currently due, Rash Curtis first attempted to collect a debt from Mr. Oliver in 2005. **Evidence** Keith Decl. ¶¶ 17; Exhibit 7, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Steven Oliver, RCA 00001. **OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE** Disputed to the extent it suggests the purpose of any of Rash Curtis's calls to Plaintiff were an attempt to collect a debt from Plaintiff, as opposed to a debt owed by a third-party. As Robert Keith declared, all thirty-five calls were "in connection to Karen Klein." | 17. Undisputed, to the extent that Rash Curtis was only attempting to collect a debt from Karen Klein. **Evidence** Declaration of Robert Keith, ¶¶ 1, 2, 17; Supplemental Declaration of Robert Keith, ¶¶ 1, 2, 8; Exhibit 7, Rash Curtis' Collection Notes/Business Record as to its collection efforts for Steven Oliver, RCA 00001. |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Otherwise undisputed.<br><br>**Evidence**<br><br>Keith Declaration ¶ 13. | |
| **Fact 18.** Mr. Oliver indicated on his March 13, 2013 registration form for Marshall Medical that he was born on March 27, 1985. At the time that Rash Curtis called Mr. Oliver on May 5, 2005, Mr. Oliver was twenty years old.<br><br>**Evidence**<br><br>Keith Decl. ¶¶ 7; Exhibit 3, Steven Oliver's Marshall Medical Emergency/Outpatient Registration Form, birthdate field, RCA 00014.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed. | 18. Undisputed |
| **Fact 19.** Mr. Oliver indicated on his March 13, 2013 registration form for Marshall Medical that he lived at the same address as Karen Klein.<br><br>**Evidence**<br><br>Keith Decl. ¶ 7; Exhibit 3, Steven Oliver's Marshall Medical Emergency/Outpatient Registration Form, RCA 00014.<br><br>**OPPOSING PARTY'S RESPONSE AND SUPPORTING EVIDENCE**<br><br>Undisputed that the March 13, 2013 registration form, which is unrelated to the debt Rash Curtis sought to collect from Ms. Klein, listed the same address for himself and Karen Klein as of March 13, 2013.<br><br>However, the same form listed different telephone numbers for Plaintiff and Ms. Klein.<br><br>**Evidence** | 19. Undisputed |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

| Def. <u>Exhibit 3</u>. | |
|---|---|

Dated: May 24, 2018

ELLIS LAW GROUP LLP

By  /s/ *Mark E. Ellis*
Mark E. Ellis
Attorney for Defendant
RASH CURTIS & ASSOCIATES

- 15 -